■ WILLIAM DAVIS, Appellant, v SHANA TURNER, Respondent, et al., Defendants. [20 NYS3d 2]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 14, 2014, which denied plaintiff's motion for partial summary judgment on the issue of liability against defendant Shana Turner and for dismissal of defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct on the part of plaintiff, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff made a prima facie showing of entitlement to partial summary judgment by submitting his affidavit indicating that the subject motor vehicle accident occurred when Shana Turner pulled out of a parked position and into a lane of moving traffic (see Vehicle and Traffic Law §§ 1128 [a]; 1162; *Flores v City of New York*, 66 AD3d 599 [1st Dept 2009]; *Zummo v Holmes*, 57 AD3d 366 [1st Dept 2008]). In opposition, Turner failed to raise a triable issue of fact as to the absence of her negligence.

Coming from a parked position, Turner was prohibited from moving "until such movement [could] be made with reasonable safety" (Vehicle and Traffic Law § 1162). Turner also had a duty not to enter a lane of moving traffic until it was safe to do so (see Vehicle and Traffic Law § 1128 [a]). Turner's act of entering traffic before it was safe to do so violates the Vehicle and Traffic Law provisions cited above and thus constitutes negligence per se. Any potential issue of comparative negligence between Turner and Nicole Adolphus, the driver of the vehicle in which plaintiff was a passenger, does not restrict plaintiff's right to partial summary judgment against Turner (see *Johnson v Phillips*, 261 AD2d 269, 272 [1st Dept 1999]). The assertion of a seat belt defense goes to the determination of damages, as a potentially mitigating factor, and not to liability (see *Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206 [1st Dept 2001]).

Finally, the court properly rejected Turner's claim that the motion was premature. The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion (see *Flores*, 66 AD3d at 600). Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.