Sanchez v Oxcin (2018 NY Slip Op 00343)





Sanchez v Oxcin


2018 NY Slip Op 00343


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5490

[*1]Lisa Sanchez, Plaintiff-Appellant,
v
Herve Oxcin, et al., Defendants-Respondents.


Law Office of Lisa M. Comeau, Garden City (Lisa M. Comeau of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovitz, P.C., Brooklyn (Robert D. Grace of counsel), for Herve Oxcin and Emmanuel Thelusme, respondents.
Russo & Tambasco, Melville (Susan J. Mitola of counsel), for Maria Latimer, respondent.



Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 16, 2016, which granted defendants Herve Oxcin and Emmanuel Thelusme's motion for summary judgment dismissing the complaint as against them on the threshold issue of serious injury under Insurance Law § 5102(d), denied plaintiff's cross motion for summary judgment as to liability, and, upon a search of the record, granted summary judgment in favor of defendant Maria Latimer, unanimously modified, on the law, without costs, to deny summary judgment to all defendants with respect to the claim of serious injury to the cervical spine and to grant plaintiff's motion as to liability, and otherwise affirmed, without costs.
Plaintiff alleges that she suffered serious injuries to her cervical spine, lumbar spine, right shoulder, and right knee as a result of a motor vehicle accident that occurred in September 2013. Plaintiff underwent diagnostic arthroscopic surgery on her right knee in February 2014 and spinal fusion surgery on her cervical spine in April 2014.
The moving defendants relied on plaintiff's testimony that she had been involved in two earlier car accidents that resulted in injuries to her neck, back, and knees, and previous surgery on her knees in 2009. They also submitted the affirmed report of an orthopedist, MRI reports prepared by plaintiff's radiologists, and the unsworn report of a doctor/biomechanical engineer, who opined that the sideswipe accident could not have caused plaintiff's claimed injuries (see Holmes v Brini Tr. Inc., 123 AD3d 628 [1st Dept 2014]).
The orthopedist, without addressing whether plaintiff had normal range of motion compared with normal values, opined that his examinations showed that the affected parts were normal, except for the cervical spine, in which there were limitations that he attributed to preexisting degeneration and the fusion surgery undertaken for that condition. He opined, based on review of her medical records and consideration of her obesity, that all plaintiff's claimed injuries were preexisting and degenerative. The annexed MRI reports supported that opinion and established prima facie that plaintiff had preexisting degenerative conditions in her lumbar spine, right shoulder, and right knee, thus shifting the burden to plaintiff to address the evidence of degeneration shown in her own medical records (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]; see also Galarza v J.N. Eaglet Publ. Group, Inc., 117 AD3d 488 [1st Dept 2014]). However, the annexed MRI report of the cervical spine, which was the basis for the orthopedist's opinion, did not include any degenerative findings, although it confirmed the existence of a disc herniation with impingement and a disc bulge.
In opposition, plaintiff submitted the affirmed reports of a physiatrist who examined her two weeks after the accident and her orthopedic surgeon. Neither doctor adequately addressed the evidence of preexisting degenerative conditions. The orthopedist acknowledged plaintiff's previous accident but failed to provide an objective medical basis for determining that the [*2]meniscal tears he found were caused by the subject accident, rather than the earlier accident, degeneration, or plaintiff's weight (see Alvarez, 120 AD3d 1043; Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]).
Assuming that the burden shifted to plaintiff to address causation with respect to her cervical spine injury based on the engineer's unsworn report, since she did not object to its form (see Long v Taida Orchids, Inc., 117 AD3d 624 [1st Dept 2014]), plaintiff raised an issue of fact through the reports of her physiatrist and orthopedic surgeon. The physiatrist documented limitations in range of motion upon examination shortly after the accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Salman v Rosario, 87 AD3d 482, 483-484 [1st Dept 2011]). The orthopedic surgeon also measured contemporaneous and continuing limitations, and opined that the cervical spine injury was caused by the subject accident, specifically noting that plaintiff had recovered from the injuries sustained in the earlier accident before incurring the current serious injuries (see James v Perez, 95 AD3d 788, 789 [1st Dept 2012]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). Plaintiff also submitted certified records of all treatment provided by the surgeon who performed the cervical spine surgery and, although not admissible, because unsworn (CPLR 3212[b]), these records are consistent with the sworn expert report (cf. Garcia v Feigelson, 130 AD3d 498 [1st Dept 2015] [unaffirmed MRI reports were of no avail to plaintiff even if admissible because they did not address causation or compare results of earlier MRIs]). Since there is no medical or other evidence in the record indicating that plaintiff had a herniated disc in her cervical spine before the subject accident, nothing further was required of her in opposing the dismissal of her claim of serious injury to that part of her body.
Defendants met their prima facie burden as to the 90/180-day claim by submitting plaintiff's bill of particulars and deposition testimony, in which she admitted that she was not confined to her home and bed for the requisite period of time following the accident (see Komina v Gil, 107 AD3d 596, 597 [1st Dept 2013]). Plaintiff did not raise an issue of fact in opposition.
Plaintiff established her entitlement to summary judgment as to liability. Her uncontested deposition testimony demonstrates that defendants Oxcin and Thelusme's vehicle sideswiped the vehicle in which she was a passenger when it suddenly tried to enter another lane of traffic. Oxcin, the driver, "had a duty not to enter a lane of moving traffic until it was safe to do so," and his failure to heed this duty constitutes negligence per se (Davis v Turner, 132 AD3d 603, 603 [1st Dept 2015]; see Vehicle and Traffic Law § 1128[a]). Plaintiff's right to partial summary judgment is not restricted by any potential issue of comparative negligence between Oxcin and Thelusme on the one hand and defendant Latimer, the operator of the vehicle in which plaintiff was a passenger, on the other (Davis, 132 AD3d at 603). Defendants submitted no evidence controverting plaintiff's account of the accident, and do not address the issue on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK