Fernandez v Ortiz (2020 NY Slip Op 02856)





Fernandez v Ortiz


2020 NY Slip Op 02856


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11490 300764/17

[*1] Eddy Rafael Fernandez, Plaintiff-Appellant,
v
Jason H. Ortiz, et al., Defendants-Respondents.


Altagracia Nunez & Associates, P.C., New York (Jason A. Richman of counsel), for appellant.
Cozen O'Connor, New York (Eric J. Berger of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about March 20, 2019, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie entitlement to judgment on liability as a matter of law, in this action where plaintiff was injured when, while riding a bicycle, he was struck by a truck driven by defendant Ortiz and owned by defendant Danella Construction of New York, Inc. The video footage taken from inside defendants' truck shows plaintiff bicycling on the right side of the lane in front of Ortiz before being struck (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790 [2d Dept 2019]; see also Bermeo v Time Warner Entertainment Co., 162 AD3d 404 [1st Dept 2018]). Ortiz thus failed to exercise due care to avoid colliding with a bicyclist (Vehicle and Traffic Law § 1146[a]), and breached his duty "to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999] [internal quotation marks omitted]; see Martinez v WE Transp. Inc., 161 AD3d 458 [1st Dept 2018]). Moreover, plaintiff was not required to demonstrate his own freedom from comparative negligence nor to show that defendants' negligence was the sole proximate cause of the accident to be entitled to summary judgment (see Rodriguez v City of New York, 31 NY3d 312 [2018]).
In opposition, defendants failed raise a triable issue of fact. Ortiz's belief that plaintiff suddenly entered the roadway from the sidewalk near the parked cars, giving him no time to avoid hitting plaintiff, is speculative and contradicted by the video footage (see Guerrero v Milla, 135 AD3d 635 [1st Dept 2016]). Furthermore, Ortiz's statement that he did not see the bicycle with any reflective equipment is insufficient to raise triable issues of fact. The statement is contradicted by the video and, in any event, relates to the issue of plaintiff's comparative negligence (see Rodriguez at 324-325).
The motion is not premature, since defendants would have knowledge of any nonnegligent reason for the collision (see Maynard v Vandyke, 69 AD3d 515 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK