Benny v Concord Partners 46th St. LLC (2021 NY Slip Op 01550)





Benny v Concord Partners 46th St. LLC


2021 NY Slip Op 01550


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 150119/12 Appeal No. 12681 Case No. 2019-21766 

[*1]Michael Benny, Plaintiff-Appellant,
v
Concord Partners 46th Street LLC et al., Defendants-Respondents.


Nguyen Leftt, P.C., New York (Andrew D. Leftt of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for Concorde Partners 46th Street LLC and Tintol LLC, respondents.
Braff, Harris, Sukoneck & Maloof, New York (Adan J. Kipnis of counsel), for Havana Central NY 2 LLC and ELO Equity, LLC, respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about April 15, 2019, which denied plaintiff's motion for summary judgment on liability, unanimously reversed, on the law, without costs, and the motion granted.
In this personal injury action, plaintiff alleges that he slipped on an icy condition on the sidewalk and injured his back in an attempt to not fall, during his employment as an emergency medical technician (EMT), while transporting a patient from the sidewalk to the ambulance.
In moving for summary judgment on the issue of liability, plaintiff argued that he was not negligent under the "danger invites rescue" doctrine. "Under the 'danger invites rescue' doctrine, there exists a duty of care toward a potential rescuer where a culpable party has placed another person in a position of imminent peril which invites a third party, the rescuing plaintiff, to come to the aid of the imperiled person" (Velazquez v New York City Health & Hosps. Corp., 65 AD3d 961 [1st Dept 2009] [internal quotation marks, brackets and citations omitted]). "The doctrine applies where a potential rescuer reasonably believes that another is in peril, which determination is made on the facts and circumstances of each case" (id. [internal quotation marks, brackets, and citations omitted]). Contrary to plaintiff's argument, he failed to show that the doctrine applies here. There is no evidence that plaintiff was unable to see and avoid the slippery condition on the basis that the patient was endangered if she was not transported immediately to the hospital.
Although plaintiff was unable to show that the rescue doctrine applies, he was entitled to partial summary judgment on the issue of defendants' liability. To obtain partial summary judgment, a plaintiff does not have to demonstrate the absence of his own comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 323 [2018]). Moreover, plaintiff is not required to show that "defendants' negligence was the sole proximate cause of the accident to be entitled to summary judgment" (Fernandez v Ortiz, 183 AD3d 443, 444 [1st Dept 2020]). The evidence plaintiff submitted in support of his motion shows that defendants-tenants Havana Central NY 2 LLC d/b/a Havana Central Restaurant & CafÉ (Havana) and Tintol LLC d/b/a Clubhouse CafÉ (Tintol) created the dangerous condition when their employees hosed the sidewalk on a cold winter day (see Mercer v City of New York, 88 NY2d 955, 956 [1996]). Defendants-owners Concord Partners 46th Street LLC (Concord) and Elo Equity, LLC, had a non delegable duty to maintain the sidewalk. Elo had notice that the restaurant employees had created a dangerous condition, because Elo's superintendent had observed the restaurants' employees hosing the sidewalk. The property manager for Concord did not personally observe the restaurant employees hosing down the sidewalk on the date in question; however, he testified that it was the general practice to hose down [*2]the sidewalk at approximately 7:30 a.m.
In opposition, defendants did not raise a question of fact with respect to the issue of their liability. Defendant restaurants admit that the evidence shows that their employees hosed the sidewalk with water before the incident occurred. Furthermore, defendants' argument that there are triable issues of fact on the basis that plaintiff should have sought an alternative route to safely care for the patient relates to the issue of comparative negligence and, therefore, does not preclude summary resolution of the issue of their liability (see Derix v Port Auth. of N. Y. & N. J., 162 AD3d 522 [1st Dept 2018]).
The Decision and Order of this Court entered herein on December 17, 2020 is hereby recalled and vacated (see M-2021-27, M-2021-56 and M-2021-235 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021