James v Kensington Assoc., LLC (2021 NY Slip Op 01847)





James v Kensington Assoc., LLC


2021 NY Slip Op 01847


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 151262/14 Appeal No. 13415 Case No. 2020-02852 

[*1]Lisa-Erika James, Plaintiff-Appellant,
v
Kensington Associates, LLC, et al., Defendants-Respondents.


Hach & Rose, LLP, New York (Natasha Berg of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Stephen D. Straus of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 9, 2019, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's motion to strike defendants' answer for alleged spoliation of evidence, unanimously affirmed, without costs.
Plaintiff makes no argument that the video of defendants' stairwell, which was edited insofar as to just include footage of her using the stairs, ever depicted her stumbling or falling on the stairs on November 13, 2013 between the hours of 7:00 p.m. and 8:00 p.m., as she claims. Plaintiff's counsel never requested the raw video footage to review, and in fact affirmatively declined the opportunity. The video evidence established defendants' prima facie entitlement to summary judgment dismissing plaintiff's claim (see Fernandez v Ortiz, 183 AD3d 443 [1st Dept 2020]), and plaintiff's speculation in opposition failed to raise a triable issue of fact to defeat the motion.
Plaintiff's motion to strike defendants' answer on grounds of spoliation of evidence related to defendants' edited security camera footage, was properly denied. It was belatedly made more than three years after plaintiff's receipt of a copy of the edited video footage, as well as nine months after plaintiff had filed a note of issue and certificate of readiness in the action. Furthermore, the suggestion that evidence was lost in the editing process was speculative and unsupported, particularly since plaintiff declined the offer to view the raw footage.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021