**Munoz v City of New York**

2024 NY Slip Op 31321(U)

April 16, 2024

Supreme Court, New York County

Docket Number: Index No. 150954/2023

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO                    PART                    05M

                                    *Justice*

-------------------------------------------------------------------------------X

LUIS A. MUNOZ,                                      INDEX NO.        150954/2023

                        Plaintiff,                  MOTION DATE      05/12/2023

                                                    MOTION SEQ. NO.     001
         - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF FINANCE, NYC SHERIFF               **DECISION + ORDER ON**
DEPARTMENT, ADRIAN BAPTISTE                              **MOTION**

                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion for             SUMMARY JUDGMENT                  .

Plaintiff, Luis Munoz ("Plaintiff") moves for an order, pursuant to CPLR § 3212, granting summary judgment on liability against Defendants the City of New York ("City"), New York City Department of Finance ("Finance"), NYC Sheriff Department ("Sheriff"), and Adrian Baptiste ("Baptiste") (collectively "Defendants"), and dismissing Defendants affirmative defenses of culpable conduct, assumption of risk, government immunity, and invocation of the emergency doctrine. Defendants oppose the motion. For the reasons stated herein, Plaintiff's motion is granted with respect to liability, and denied with respect to dismissal of Defendants' affirmative defenses.

## BACKGROUND

On August 31, 2022, Plaintiff sustained personal injuries when he was struck by a motor vehicle driven by Baptiste (NYSCEF Doc No. 14, Statement of material facts ¶¶ 2-3). At the time of the accident Plaintiff was riding an electric scooter southbound on Second Avenue within the bicycle lane when Baptiste made a left turn from Second Avenue onto East 30th Street, striking Plaintiff (*id.* ¶ 12).

On September 16, 2022, Plaintiff filed a notice of claim on Defendants and presented for a 50-h hearing on December 7, 2022 (NYSCCEF Doc No. 13, Davidov affirmation ¶¶ 6-7). On January 31, 2023, Plaintiff commenced this action to recover damages for serious personal injuries sustained because of the accident (*id.* ¶ 8). Issue was joined when Defendants City, Finance, and Sheriff served their answer on or about March 30, 2023 (*id.* ¶ 9). Defendants then filed an amended verified answer adding Baptiste on April 21, 2023 (*id.*). On May 2, 2023, Plaintiff filed the instant motion.

In support of his motion, Plaintiff contends that summary judgment is proper because Baptiste violated several provisions of the New York traffic law in the operation of his motor vehicle and proximately caused Plaintiff's injuries (*id*. ¶¶ 28-33). Plaintiff asserts that Baptiste's unexcused violation of sections 1146(a), 1231, 1112, 1110, and 1141 of the New York Vehicle and Traffic Law constitute negligence *per se* (*id*.).

In an affidavit submitted in support of the motion, Plaintiff attests that he was traveling southbound on the bicycle lane of Second Avenue when he reached the intersection of East 30th Street, where he had a steady green light controlling the bicycle lane (NYSCEF Doc No. 20 § 11). He further attests that Baptiste, who was driving a black van turning left from the main road of Second Avenue onto 30th Street, had a flashing yellow light which required him to yield to Plaintiff (*id*. ¶ 12). Plaintiff did not see the black van turning left until it struck him in the intersection of Second Avenue and 30th Street (*id*. ¶ 14). Plaintiff avers that Baptiste failed to take evasive actions like swerving, timely braking, or giving other warnings before the collision (NYSCEF Doc No. 13, Davidov affirmation ¶ 35). In support of the motion, Plaintiff submits the notice of claim, 50-h hearing transcript, Plaintiff's affidavit, a certified copy of the police report, photographs of Google maps, and a video taken by Plaintiff's counsel depicting the traffic lights at the intersection of Second Avenue and 30th Street.

To oppose Plaintiff's motion, Defendants argue that summary judgment is not warranted because there are unresolved factual issues regarding comparative fault, the alleged damages suffered by Plaintiff, and causation that must be determined by a jury (NYSCEF Doc No. 26, Nierman affirmation ¶ 3). Defendants aver that Plaintiff's papers do not demonstrate a causal link between the incident and the injuries alleged, and that Plaintiff is required to establish both that he sustained a serious injury, and that the injury is casually related to the accident (*id*. ¶ 4). Defendants also argue that Plaintiff has not shown that he was not negligent, and that Plaintiff has not produced admissible evidence demonstrating "his response to the situation presented by Baptiste's execution of a left turn onto East 30th Street" from Second Avenue (*id*. ¶ 5). In reply, Plaintiff raises procedural defects with Defendants' opposition, namely that Defendants did not submit a response to Plaintiff's Statement of Material Facts, and thus fail to refute Plaintiff's facts or raise any additional issues of material fact (NYSCEF Doc No. 28, Davidov reply affirmation ¶ 3-4). In a supplemental response, Defendants assert that the failure to include a response to Plaintiff's statement of material facts was inadvertent, (NYSCEF Doc No. 29, Nierman supplemental affirmation ¶ 2). A response to Plaintiff's statement of material facts is annexed as an exhibit to Defendants' reply (NYSCEF Doc No. 30, Response to Plaintiff's statement of facts). Plaintiff contends that Defendants' supplemental response is an improper sur-reply, which should be disregarded by the court (NYSCEF Doc No. 32, Davidov letter).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and

[* 2]

"on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To be a "material issue of fact" it "must be genuine, bona fide and substantial to require a trial" (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010][internal quotation marks and citation omitted]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, *prima facie*, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (*Fernandez v Ortiz*, 183 AD3d 443, 443-444 [1st Dept 2020]). The Vehicle and Traffic Law ("VTL") imposes certain duties on drivers, which are applicable for the purposes of establishing negligence, and a party's violation of the Vehicle and Traffic Law constitutes negligence *per se* [*Davis v Turner*, 132 AD3d 603 [2015]).

In support of the motion, Plaintiff has submitted uncontroverted evidence consisting of the notice of claim, 50-h hearing transcript, and an affidavit of Plaintiff, all of which collectively establish that Plaintiff proceeded in the bicycle lane through the intersection at 30th Street with a steady green light when he was struck by Baptiste, who turned left onto 30th Street through a flashing yellow light. Defendants have not submitted any evidence that contradicts this sequence of events. Nor do they allege that Baptiste proceeded with caution or offer any non-negligent explanation for the accident. Accordingly, Defendants fail to raise any issue of fact regarding the light sequence at 30th Street and Second Avenue or which party had the right of way.

Under New York Law, every person riding an electric scooter upon a roadway is afforded the same rights and responsibilities as the driver of a vehicle or the rider of a bicycle (Vehicle and Traffic Law § 1281). Pursuant to VTL § 1141[a]), "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle & Traffic Law § 1141[a]). Drivers are also obliged to obey the instructions of any official traffic-control device, including traffic lights (Vehicle & Traffic Law § 1110). In the case of a flashing yellow light, vehicles "may proceed through the intersection or past such signal only with caution" (Vehicle & Traffic Law § 1113[b]). Finally, "[a] driver is negligent if he or she has failed to see that which, through the proper use of senses, should have been seen" (*Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519, 520 [1st Dept 2006]). Had Baptiste proceeded with caution as required under the law, he would have seen Plaintiff proceeding through the intersection, giving him the opportunity to yield the right of way. By striking Plaintiff in the Intersection when making a left turn through a flashing yellow light while Plaintiff was traveling straight through an intersection with a steady green light, Baptiste failed to yield the right of way and failed to obey

150954/2023 MUNOZ, LUIS A. vs. THE CITY OF NEW YORK ET AL Page 3 of 5
Motion No. 001

3 of 5

the instruction of the flashing yellow light to proceed with caution, in violation of VTL § 1141(a) and 1110. This constitutes negligence *per se*, which is sufficient to establish Plaintiff's entitlement to summary judgment on the issue of Baptiste's liability (*see Voravetvudhikun v Ludlow Garage, Inc.*, 2022 WL 13712490, at *1 [Sup Ct, NY County 2022][plaintiff's motion for summary judgment was granted where plaintiff demonstrated prima facie entitlement to judgment as a matter of law by establishing that the defendant violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the plaintiff's motor scooter as the plaintiff was legally proceeding through the intersection with the right-of-way]; *see also Moreno v Narul*, 2020 WL 6386020, at *2 [Sup Ct, NY County 2020]["[t]he unrebutted evidence submitted by Plaintiff is that as he was in the intersection, defendant, who had been coming in the opposite direction, made a left turn and struck him. Clearly, then, defendant failed to 'yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard', as mandated by the statute"]).

Contrary to Defendants argument that Plaintiff's motion should be denied because Plaintiff has not demonstrated his own freedom from comparative negligence, comparative negligence goes to the issue of damages, not liability, and Plaintiff is not required to show that he was not negligent, or that Defendants were the sole proximate cause of the accident to be entitled to summary judgment on liability (*Fernandez v Ortiz*, 183 AD3d 443, 443–44 [2020]; *see Rodriguez v City of New York*, 31 NY3d 312 [2018] ["to be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault]). "Any potential issue of comparative negligence…does not restrict a plaintiff's right to partial summary judgment" (*Davis v Turner*, 132 AD3d 603 [2015]).

Plaintiff has also moved for summary judgment dismissing Defendants' affirmative defenses of culpable conduct, assumption of risk, government immunity, and invocation of the emergency doctrine. At this early stage where the City has not had an opportunity to conduct discovery, summary judgment on the affirmative defenses is not warranted. Moreover, Plaintiff's cursory arguments are insufficient to establishment entitlement to summary judgment as a matter of law.

Accordingly, it is

ORDERED that Plaintiff's motion is granted with regard to liability; and it is further

ORDERED that Plaintiff's motion is denied with regard to the affirmative defenses of culpable conduct, assumption of risk, government immunity, and emergency doctrine of Defendants; and it is further

ORDERED that the Clerk of the Court is directed to set this matter down for a preliminary conference in the DCM Part on the next available date; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness

150954/2023   MUNOZ, LUIS A. vs. THE CITY OF NEW YORK ET AL        Page 4 of 5
Motion No. 001

4 of 5

and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

This constitutes the decision and order of the court.

20240416092026HKINGO17CD47XD06B0409C8C7133420E131ABF

| 4/16/2024 | | | HASA A. KINGO, J.S.C. |
|-----------|--|--|-----------------------|
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|---|----------------------|--|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150954/2023   MUNOZ, LUIS A. vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 5 of 5

5 of 5