| |
|---|
| **Ramos v City of New York** |
| 2025 NY Slip Op 31956(U) |
| June 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152304/2018 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**
*Justice*

PART          05M

-------------------------------------------------------------------------------X

MARIBEL OQUENDO RAMOS,

INDEX NO.          152304/2018

Plaintiff,

MOTION DATE          N/A

- v -

MOTION SEQ. NO.          005

THE CITY OF NEW YORK, MODELL'S NY II, INC.,FRAM
REALTY LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion for                    SUMMARY JUDGMENT                    .

Plaintiff Maribel Oquendo-Ramos ("Plaintiff") moves pursuant to CPLR § 3212 for partial summary judgment on the issue of liability against defendant City of New York. Specifically, she seeks an order declaring that the City is liable for maintaining an unsafe sidewalk adjacent to 280 Broadway—a known defect that proximately caused her June 8, 2017 trip-and-fall injury—and dismissing any defenses the City has raised relating to notice or comparative negligence.

Defendant City of New York ("City") opposes, conceding only that it had prior written notice of a sidewalk defect, but contending that genuine issues of fact remain as to whether the elevation on which plaintiff tripped was "substantial" and whether the City's delayed response was reasonable. Upon reviewing the parties' submissions—including plaintiff's moving affirmation and exhibits, the City's opposition affirmation, and plaintiff's reply affirmation—the court finds that no material dispute exists regarding liability.

Plaintiff has established as a matter of law that the City owned and controlled the subject sidewalk; that it received actual written notice of a hazardous condition years before Plaintiff's fall; that the one-inch elevation between contiguous slabs constitutes a "substantial defect" under Administrative Code § 19-152; and that this defect proximately caused Plaintiff's injuries. Because the City offers no admissible evidence to create a triable issue on those points, the motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

On June 8, 2017, at approximately 3:30 p.m., Plaintiff walked eastward along the south side of Chambers Street toward Broadway, immediately adjacent to 280 Broadway. As she traversed the sidewalk, she encountered a raised slab—one slab stood roughly one inch higher than

**152304/2018  OQUENDO RAMOS, MARIBEL vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 1 of 7**

1 of 7

[* 1]

its neighbor—and she tripped, falling forward and fracturing her right radial head. Emergency medical responders transported Plaintiff to Bellevue Hospital, where she underwent surgery.

The City owns the fee interest in 280 Broadway but leased the building to Fram Realty LLC in 2010. The ground lease obligated the City to maintain the building's structural elements and the abutting sidewalks in "reasonably safe condition" (Lease Art. 14.01[b], Exh. N). Fram, by contrast, was responsible only for clearing snow and debris (Art. 14.03). Beginning as early as June 30, 2010, Fram repeatedly alerted the City—via email and telephone—that the sidewalk adjacent to 280 Broadway was "cracked," "sinking," and "present[ed] hazardous conditions" (Exhs. O–P). On October 17, 2016—nearly eight months before Plaintiff's accident—a DEP inspector noted in writing that the northeast corner of Broadway and Chambers featured a "sinking" sidewalk flag requiring "attention."

Plaintiff timely served a notice of claim on July 10, 2017 and commenced this action on March 14, 2018, naming the City, Fram Realty LLC, and Modell's NY II, Inc. as defendants. Modell's and Fram were each subsequently dismissed at the summary judgment stage. The parties then conducted discovery, including Plaintiff's 50-h hearing and deposition (October 8, 2019), Fram's corporate representative deposition (September 26, 2023), and City personnel depositions addressing lease obligations and sidewalk repair procedures. On November 8, 2024, Plaintiff moved for partial summary judgment on liability. The City filed its opposition on March 7, 2025, and Plaintiff replied on March 13, 2025. No other motions remain pending.

## ARGUMENTS

Plaintiff argues that the City's liability is clear. She asserts that because the City both owned and controlled the sidewalk adjacent to 280 Broadway—and was repeatedly notified in writing through Fram Realty emails in 2010 and 2015, as well as a 2016 DEP inspection, that the sidewalk flags were "sunken," "cracked," and hazardous—its statutory duty under Administrative Code § 19-152(a)(4) was triggered well before her accident. Plaintiff's own uncontradicted deposition testimony establishes that one of the slabs was elevated "almost an inch" above its neighbor (Plaintiff EBT, Exh. F at 20:1–16), and she identified—even circled—the precise joint in three black-and-white photographs taken well in advance of her accident. She testified that those photographs "fairly and accurately" depicted the condition at the time of her fall (*id*. at 24:5–18; 25:1–7). Under controlling Appellate Division, First Department, decisions—*Rue v. Stokes* (191 AD2d 245 [1st Dept 1993]) and *Gonzalez v. 1225 Ogden Deli Grocery Corp*. (158 AD3d 582 [1st Dept 2018])—Plaintiff contends that such unrebutted sworn testimony, combined with photographs she authenticated, is sufficient as a matter of law to establish that the elevation met or exceeded the one-inch threshold of a "substantial defect." Moreover, because she fell directly over the raised joint and suffered a serious fracture, Plaintiff argues that her deposition testimony alone establishes proximate causation. Plaintiff highlights that the Appellate Division, First Department, has held in *Richard v. 1550 Realty LLC* (228 AD3d 494 [1st Dept 2024]) that photographic evidence—even if taken over a year prior—remains probative when the plaintiff affirms it accurately reflects the dangerous condition at the time of the fall. Plaintiff further emphasizes that under *Rodriguez v. City of New York* (31 NY3d 312 [2018]) and companion cases (*Fernandez v. Ortiz*, 183 AD3d 443 [1st Dept 2020]; *Davis v. Turner*, 132 AD3d 603 [1st Dept 2015]), comparative negligence goes only to damages, not liability. Finally, Plaintiff observes that

[* 2]

the City waited nearly a decade between original notice in 2010 and final repairs in 2020–2023. Under *Tropper v. Henry St. Settlement* (190 AD3d 623 [1st Dept 2021]) and *Sacco v. City of New York* (92 AD3d 529 [1st Dept 2012]), Plaintiff avers that such multi-year delays—even if the City asserts "budget constraints"—are negligent as a matter of law once written notice has been given.

By contrast, the City acknowledges it received written notice but argues that genuine issues of fact remain that preclude summary judgment. First, the City contends that whether a vertical differential of "about one inch," as plaintiff described, rises to the level of a "substantial defect" under Admin. Code § 19-152(a)(4) is not self-evident. The City notes that the photographs lack any measurement device—no ruler or tape—so the only direct evidence of a one-inch "hazard" is Plaintiff's deposition, which defense counsel characterizes as "inconclusive" because Plaintiff could not, at times, recall fundamental details such as which foot caught the slab or the precise orientation of her body when she fell. The City argues that, while courts have granted summary judgment where measurement was uncontested, the instant record does not permit the court to resolve the discrepancy without a jury fact-finder. Second, the City insists that determining whether the sidewalk was "reasonably safe" in context—accounting for pedestrian traffic, lighting conditions, and the existence of nearby construction—remains a factual question for jurors. Under *Hutchinson v. Sheridan Hill House Corp.* (26 NY3d 66 [2015]) and *Gallis v. 23-21 33 Rd. LLC* (198 AD3d 730 [2d Dept 2021]), the City submits that the question of reasonable safety requires weighing all surroundings, not merely the raw measurement of a slab differential. Third, although the City does not press its comparative negligence defense fully—acknowledging that summary judgment on liability need not address damage apportionment—it still asserts that Plaintiff's own uncertainty about the accident's circumstances could permit a jury to infer contributory fault that might, at trial, bear on whether the City's breach was the sole proximate cause. Finally, the City insists that its delay between notice and repair was not "unreasonable" once one accounts for necessary bureaucratic steps—budgetary approvals, vendor solicitations, and coordination with utility providers. According to the City's records searcher (Exh. Q at 16:12–17:2; 21:6–11), sidewalk remediation at a major thoroughfare like Broadway involves multiple agencies and reviews, so an interval of four to five years is not negligent per se, especially absent evidence of active deterioration in the interim.

In response, Plaintiff maintains that the only questions properly before the court are twofold: first, whether written notice was given—Plaintiff submits that it was; and second, whether a one-inch elevation existed—Plaintiff asserts this was conclusively demonstrated through her unchallenged testimony and corroborating photographic evidence. Therefore, under § 19-152(a)(4), Plaintiff contends that the court must hold that a "substantial defect" existed as a matter of law. In Plaintiff's view, any broader evaluation of "reasonable safety" misreads *Tropper* and *Richard*. Moreover, framing the repair timeline as a "budgetary" matter does not excuse the City's failure to act on repeated written warnings.

Because no expert or alternative measurement contradicts Plaintiff's account, and because she took care to mark precisely where she fell, Plaintiff argues that the court should not follow *Hutchinson* or *Gallis* to create a jury question on "surrounding conditions." Indeed, Plaintiff's position is that none of those factors matters once a one-inch joint difference has been shown, and because the City received that notice.

152304/2018   OQUENDO RAMOS, MARIBEL vs. CITY OF NEW YORK                    Page 3 of 7
Motion No.  005

[* 3]                                      3 of 7

## DISCUSSION

It is well-settled that "[t]he proponent of a summary judgment motion must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Upon such showing, the burden shifts to the opposing party to demonstrate a triable issue of material fact (*Zuckerman v City of New York*, 49 NY2d 557 [1980]). Where a movant establishes a prima facie entitlement to judgment as a matter of law, and no genuine issue of material fact remains for trial, the granting of summary judgment is warranted (*De Lourdes Torres v Jones*, 26 NY3d 742 [2016]).

### A. Written Notice: Condition Precedent to Liability

It is beyond dispute that a municipality's liability for sidewalk defects is conditioned upon actual notice in writing of a hazardous defect (Admin. Code § 7-201[c]; *see Weinreb v. City of New York*, 193 AD2d 596, 598 [2d Dept 1993]). Here, Fram's emails in June 2010, March 2015, and subsequent correspondence expressly described an uneven, "cracked" sidewalk abutting 280 Broadway (Exhs. O–P). Moreover, the DEP's October 17, 2016 inspection noted a "sinking" sidewalk flag at that location (Exh. T). The City does not dispute these notices; in fact, its deposition witness confirmed the DEP report triggered an internal work order. As the City concedes the issue of written notice and does not challenge Plaintiff's prima facie showing in that regard, the only remaining question is whether the alleged condition constituted a "substantial defect" that was a proximate cause of Plaintiff's injuries.

### B. Statutory Definition of "Substantial Defect" and Plaintiff's Prima Facie Case

Administrative Code § 19-152(a)(4) defines "substantial defect" to include "any imperfection in a sidewalk such as…any…raised sidewalk flag…characterized by a vertical…elevation difference of at least one inch." The Appellate Division, First Department, has repeatedly held that proof of a one-inch elevation difference between contiguous slabs is, by definition, a "substantial defect," leaving no room for a jury to dispute whether that defect rendered the sidewalk unreasonably dangerous (*see Tropper*, 190 AD3d at 624, *supra* [Plaintiff's proof that the slab was raised more than one inch established a dangerous condition as a matter of law]). In Richard v. 1550 Realty LLC, 228 AD3d 494, 211 NYS3d 83 [1st Dept 2024], the Appellate Division, First Department, again affirmed this standard, granting summary judgment on liability where the plaintiff, through deposition testimony, photographs, and additional evidence, demonstrated that the accident resulted from a raised sidewalk flag—a hazardous defect cognizable as a matter of law]). In reaching that conclusion, the Appellate Division, First Department, reaffirmed the longstanding principle espoused by the Court of Appeals that while the question of triviality requires consideration of all the circumstances surrounding the defect— not merely its dimensions (*see Hutchinson v. Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015])—a height defect on a heavily trafficked sidewalk, when left uncontroverted by a defendant, is substantial as a matter of law.

To the extent that the City argues that the condition at issue is not actionable because it was open and obvious, that argument is likewise rejected. While a condition being open and

152304/2018   OQUENDO RAMOS, MARIBEL vs. CITY OF NEW YORK                    Page 4 of 7
Motion No.  005

4 of 7

obvious may negate a duty to warn, it does not absolve a landowner of the continuing duty to maintain the premises in a reasonably safe condition (*see Westbrook v. WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72 [1st Dept 2004]).

Here, Plaintiff's sworn deposition testimony clearly establishes that the raised slab measured "over an inch" higher than its neighbor (Plaintiff EBT, Exh. F at 20:1–16). Likewise, Plaintiff not only offered consistent testimony but marked on three photographs (Exh. G) the very joint where she fell and affirmed that those images "depict[ed] the hazard fairly and accurately" (Plaintiff EBT, Exh. F at 24:5–18; 25:1–7). Under *Rue* and *Gonzalez*, such unrebutted evidence is legally sufficient to establish summary judgment on the issue of liability. In *Rue*, plaintiff's deposition testimony was enough to entitle him to judgment on liability (191 AD2d at 246, *supra*). Similarly, in *Gonzalez*, the Appellate Division, First Department, granted summary judgment where plaintiff's testimony fixed the location and circumstances surrounding plaintiff's fall from a ladder (158 AD3d at 583, *supra*).

Defendant's claim that the photographs lack a conspicuous measuring device does not undermine plaintiff's showing. Where a plaintiff's testimony—unrebutted by any expert or contrary evidence—fixes the height differential at the requisite one inch, summary judgment on liability is proper (*see Richard*, 228 AD3d 494, *supra*). Similarly, even where photographs were not taken contemporaneously with a plaintiff's accident, a plaintiff's sworn testimony that the images "fairly and accurately" represent the condition of the sidewalk at the time of the incident renders those photographs probative on the question of whether the defect constituted a dangerous condition (*Keech v. 30 E. 85th St. Co*., 173 AD3d 645, 646 [1st Dept 2019]).

The City did not submit any expert affidavit to challenge the elevation, nor did it produce an as-built survey or other objective measurement. Instead, it relies on fragments of Plaintiff's recollection—her inability, at one point, to remember which foot she used or whether there were "any people" crowding the sidewalk (Plaintiff EBT, Exh. F at 15:2–25; 16:1–15; 18:7–22; 19:2–7). But those fleeting uncertainties do not negate her explicit, unrebutted statements regarding the slab's height. So long as reasonable inferences are drawn in the light most favorable to the non-moving party, summary judgment is appropriate where the affirmative evidence establishes plaintiff's entitlement to judgment as a matter of law (*see Zuckerman*, 49 NY2d at 562, *supra*).

### C. Proximate Cause and the Irrelevance of Comparative Negligence to Liability

Plaintiff's testimony that she tripped over the raised joint and fell directly because of it clearly establishes proximate cause. Once a one-inch flag difference is proven, the hazard is deemed to have caused the accident unless there is affirmative proof of an intervening cause. Likewise, once a defect is shown to have caused the plaintiff's injury, the question of whether the City could have acted sooner or whether other circumstances contributed goes to damages. As the Court of Appeals clarified in *Rodriguez*, a plaintiff is not required to prove freedom from comparative negligence to secure summary judgment on liability; instead, any fault is weighed solely in fixing damages (31 NY3d at 326, *supra*); *see also Davis*, 132 AD3d at 603, *supra*; *Fernandez*, 183 AD3d at 443–44, *supra*.

**152304/2018  OQUENDO RAMOS, MARIBEL vs. CITY OF NEW YORK**  **Page 5 of 7**
**Motion No.  005**

5 of 7

[* 5]

Defendant nonetheless contends that Plaintiff's inattention or unfamiliarity with the location may absolve it of liability. However, once notice has been established, the existence of the one-inch elevation—along with Plaintiff's clear testimony that she did not see it and could not have avoided it—no genuine dispute as to causation is left. Under *Rue* and *Gonzalez*, that evidence alone dictates liability. Any suggestion that Plaintiff could have "anticipated" or "stepped over" the slab does not raise a triable issue, because such speculation cannot outweigh the statutory presumption that a one-inch differential is a dangerous condition (Admin. Code § 19-152[a][4]; *Tropper*, 190 AD3d 624-25, *supra*).

### D.  Reasonableness of the City's Response and Delay

The City contends that its multi-year interval between notice (2010, 2016) and repair (2020–2023) does not establish negligence because it was engaged in "budgetary planning" and "vendor procurement." Yet *Tropper* stands for the proposition that a jury need not be convened to conclude that the City's refusal to remediate a known sidewalk defect constitutes negligence as a matter of law (190 AD3d 624-25, *supra*). In *Sacco v. City of New York* (92 AD3d 529 [1st Dept 2012]), the Appellate Division, First Department, held that a sixteen-month gap between notice and remediation did not excuse liability. Here, the gap spanned at least four years, measured from the DEP's October 2016 report. The claim that "bureaucratic steps"—budget proposals, procurement, engineering reviews—justified such delay fails under controlling precedent that requires prompt action. Indeed, even if DOT or another agency had formulated plans to repair the sidewalk, the mere fact that a government agency had plans to cure a defect is not a defense to liability when notice has been given (*Tropper*, 190 AD3d at 624-25, *supra*; *Sacco*, 92 AD3d at 530, *supra*).

Moreover, City records confirm that phone calls and emails followed these plans, yet no repairs occurred until 2020. Framing the timeline as involving multiple "inter-agency approvals" does not alter the City's obligation—once a potential hazard is identified, New York City law imposes a nondelegable duty to maintain sidewalks in reasonably safe condition. Because the City incurred actual, documented notice of the one-inch drop in 2016, affording it ample time to plan and expedite repairs, the delay is negligent as a matter of law.

### E.  No Triable Issue of Fact

Plaintiff's sworn deposition testimony, corroborated by photographic evidence, unequivocally proves the one-inch vertical differential that constitutes a "substantial defect." The City offers no admissible evidence—no measurements, no expert affidavit, no contemporaneous photographs with scale—to contradict this showing. The City's reliance on Plaintiff's occasional lapses in recalling fine details cannot supplant her unblemished testimony regarding the joint's height. Moreover, the City's delay in effectuating repairs—occurring years after notice—clearly breaches the duty imposed by *Tropper* and *Sacco*. Because there is no reasonable inference to the contrary, summary judgment must be granted.

For the reasons stated above, it is hereby

**152304/2018   OQUENDO RAMOS, MARIBEL vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 6 of 7**

6 of 7

[* 6]

ORDERED that Plaintiff's motion for partial summary judgment on liability against defendant City of New York is granted; and it is further

ORDERED that the court finds, as a matter of law, that:

The City of New York owned and controlled the sidewalk adjacent to 280 Broadway;

The City received actual, written notice of a hazardous condition—an elevated sidewalk flag of approximately one inch in vertical height—on or before October 17, 2016;

That one-inch elevation constitutes a "substantial defect" under Administrative Code § 19-152(a)(4);

That defect proximately caused Plaintiff's trip and fall and her resulting injuries; and that

Any issue of comparative negligence or the City's delay in repairing the condition goes only to damages, not liability; it is further

ORDERED that defendant City of New York's remaining defenses to liability—namely, that the condition was not a "substantial defect" or that the delay was "reasonable"—are deemed unavailable as a matter of law; and it is further

ORDERED that the parties shall appear for a previously scheduled in-person settlement conference on June 23, 2025 at 9:30 AM at 80 Centre Street, Room 320, New York, NY; and it is further

ORDERED that this matter shall proceed to a trial on the issue of damages only.

This constitutes the decision and order of the court.

20250603123925HKINGO4C8A70B11028477888D75EFA2431CA22

__6/3/2025__
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152304/2018   OQUENDO RAMOS, MARIBEL vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 7 of 7**

7 of 7

[* 7]