■ KENNETH COUILLARD et al., Respondents, v SHAW ENVIRONMENTAL & INFRASTRUCTURE ENGINEERING OF NEW YORK, P.C., Sued Herein as THE SHAW GROUP, INC., Respondent/Third-Party Plaintiff-Respondent, C.M. CAMPARETTI et al., Respondents-Appellants, and WOMEN'S HEALTH PROFESSIONALS, LLP, Appellant-Respondent. NEWBORN CONSTRUCTION, INC., Third-Party Defendant-Respondent. [4 NYS3d 176]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 7, 2013, which, to the extent appealed from, granted plaintiffs' motion for summary judgment on the issue of liability against defendants Women's Health Professionals, LLP (WHP), C.M. Camparetti, and April A. Clark, granted third-party defendant Newborn Construction, Inc.'s motion to amend its answer to assert cross claims against Camparetti and Clark, and denied WHP's motion for summary judgment dismissing the complaint as against it or, in the alternative, to change venue to Suffolk County, unanimously affirmed, without costs.

Defendant Clark, an employee of defendant Women's Health Professionals, LLP, operating a vehicle owned by defendant Camparetti, drove out of her lane and off the road, hitting plaintiff Kenneth Couillard in the process. Clark had been traveling within inches of the car in front of her, and drove off the road in an attempt to avoid that car when it stopped. Having created the very situation that caused her to drive off the

road, Clark cannot avail herself of the emergency doctrine (*see Joplin v City of New York*, 116 AD3d 443 [1st Dept 2014]). The possibility that other defendants bear liability in this matter does not bar the grant of summary judgment to plaintiffs on the issue of Camparetti's, Clark's and WHP's liability (*see Asante v Williams*, 227 AD2d 123 [1st Dept 1996]).

Clark, who was transporting patient files from one WHP office to another at the time of the accident, was using the car in the course of her employment at that time; thus, WHP is liable for plaintiff's injuries under the doctrine of respondeat superior (*see Matter of St. Paul Fire & Mar. Ins. Co. [Brown—Aetna Cas. & Sur. Co.]*, 161 AD2d 498 [1st Dept 1990], *lv denied* 76 NY2d 707 [1990]).

WHP failed to establish that venue should be changed in the interests of justice.

Newborn's submissions in support of its motion to amend establish the merit of its cross claims against Camparetti and Clark.

We have considered defendants-appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Manzanet-Daniels, Gische and Clark, JJ.