■ VICTOR LEANDRY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [7 NYS3d 118]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered November 25, 2013, which, to the extent appealed from as limited by the briefs, granted the motion of defendants City of New York and Semyon Aynbinder for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

In this action for personal injuries allegedly suffered by plaintiff, a New York City police sergeant, while he was a passenger in a police vehicle driven by defendant Aynbinder, also a New York City police sergeant, when it was rear-ended by a vehicle driven by defendant Badlani, the testimony established that, before the accident, Aynbinder had stopped the vehicle suddenly to avoid hitting a pedestrian who had darted into the street. Accordingly, the motion court properly granted summary judgment to the City and Aynbinder since the car was stopped when it was struck in the rear (*see Williams v Hamilton*, 116 AD3d 421 [1st Dept 2014]; *Santana v Tic-Tak Limo Corp.*, 106 AD3d 572, 573-574 [1st Dept 2013]).

Neither the testimony that Aynbinder stopped the vehicle

suddenly, nor plaintiff's assertion that he should have signaled his stop, are sufficient to raise an issue of fact as to whether Aynbinder was negligent in connection with the accident (see *Williams*, 116 AD3d at 422). Plaintiff's contention that Aynbinder was not maintaining a proper lookout is mere speculation, insufficient to defeat summary judgment (see *Cartagena v Martinez*, 112 AD3d 521, 522 [1st Dept 2013]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.