■ BARRETT C. DOWNEY, Appellant, v ANNE MARIE K. MAZZIOLI, Defendant, and ORFELINA D. JORGE et al., Respondents. [26 NYS3d 469]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered February 13, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability as against defendants Orfelina D. Jorge and Julio C. Jorge (collectively Jorge), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of Jorge's liability, by submitting his affidavit averring that Jorge's vehicle struck the vehicle owned and operated by defendant Mazzioli in the rear, while plaintiff was a passenger in Mazzioli's vehicle (*see Asante v Williams*, 227 AD2d 123 [1st Dept 1996]). The potential issue of apportionment of fault as between Jorge and Mazzioli does not restrict plaintiff's right to partial summary judgment on the issue of liability as against the former (*see Davis v Turner*, 132 AD3d 603 [1st Dept 2015]; *Couillard v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C.*, 125 AD3d 509 [1st Dept 2015]). The court properly rejected Jorge's contention that plaintiff's motion was premature, since "[t]he mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Davis* at 603). Nor does defendant Jorge's attorney's affirmation satisfy defendant's burden of establishing a nonnegligent explanation for the rear-end collision. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.