■ MEDINE BAJRAMI, Respondent, v TWINKLE CAB CORP. et al., Defendants, and ORTAL TAXI CORP. et al., Appellants. [46 NYS3d 879]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered February 24, 2016, which denied the motion of defendants Ortal Taxi Corp. and Isaiah Ocansey for summary judgment dismissing the complaint and all cross claims as against them, and granted plaintiff's cross motion for partial summary judgment as to liability as against defendants Twinkle Cab Corp. and Saleh Ahmed, unanimously modified, on the law, to grant Ortal Taxi Corp. and Ocansey's motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff was a passenger in a taxi driven by defendant Ahmed, when it struck the rear of a second vehicle owned by Ortal Taxi Corp. and driven by Ocansey, which had stopped in traffic. A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of that driver to "come forward with an adequate nonnegligent explanation for the accident" (*Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]). A claim by the rear driver that "the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (*Cabrera* at 553). Thus, whether or not Ocansey stopped suddenly, as Ahmed claimed, Ahmed failed to proffer a nonnegligent explanation for the rear-end collision, or to raise a triable issue of fact as to Ocansey's comparative negligence (*see e.g. Santos v Booth*, 126 AD3d 506 [1st Dept 2015]; *Chowdhury v Matos*, 118 AD3d 488 [1st Dept 2014]). Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.