Alvarez v Bracchitta (2022 NY Slip Op 06313)

Alvarez v Bracchitta

2022 NY Slip Op 06313

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 34274/19E Appeal No. 16619 Case No. 2022-00241 

[*1]Maryann Alvarez et al., Plaintiffs-Appellants,
v
Robert Bracchitta, Defendant, Edgar J. Fernandez et al., Defendants-Respondents.

Saracino Morris Law Group PLLC, Harrison (Peter John Morris of counsel), for appellants.
Law Offices of Jennifer S. Adams, Yonkers (Ryan Mainhardt of counsel), for Edgar J. Fernandez, respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Andrew Thebaud of counsel), for Medley Pharmacy Inc., respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about January 13, 2022, which, to the extent appealed from, denied plaintiffs' motion for summary judgment on liability as against defendant Edgar J. Fernandez, denied their cross motion for summary judgment on liability against defendant Medley Pharmacy Inc., and granted Fernandez's cross motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
A rear-end collision with a stopped vehicle, or one slowing down, establishes a prima facie case of negligence by the operator of the rear-ending vehicle, unless he or she gives an adequate nonnegligent explanation for the accident (see Bajrami v Twinkle Cab Corp., 147 AD3d 649 [1st Dept 2017]). Fernandez established prima facie entitlement to summary judgment, as he testified at his deposition that he had come to a stop before defendant Robert Bracchitta's vehicle struck him from behind, thus causing Fernandez's vehicle to hit the rear of plaintiffs' vehicle. This testimony provides an adequate nonnegligent explanation for Fernandez's part in the accident (see Holmberg v Bevcon Group Inc., 187 AD3d 592, 593 [1st Dept 2020]). Because the complaint was properly dismissed as against Fernandez, Medley Pharmacy, which was Fernandez's employer, bears no vicarious liability.
In opposition, plaintiffs failed to raise an issue of fact. Bracchitta's testimony that Fernandez stopped short is insufficient by itself to raise an issue of fact as to Fernandez's negligence, because Bracchitta never explained why he did not maintain a safe distance between his vehicle and Fernandez's (see Leandry v City of New York, 127 AD3d 520, 520-521 [1st Dept 2015]). This conclusion holds especially true given Bracchitta's testimony that they were in stop and go traffic and that Fernandez was in front of him for several minutes before the accident (see Vehicle and Traffic Law § 1129[a]; Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022]).
Plaintiffs failed to show that Fernandez's actions in losing the recorded accident footage raises a triable issue of fact as to his credibility. The record contains no evidence that plaintiff's asked Fernandez to preserve the footage before it was overwritten or that the destruction of the footage was done with a culpable state of mind; on the contrary, Fernandez testified at his deposition that the loss occurred accidentally when his car turned off after the collision (see Duluc v AC & L Food Corp., 119 AD3d 450, 451 [1st Dept 2014], lv denied 24 NY3d 908 [2014]. In any event, plaintiffs presented no evidence that the footage would have supported their claim that Fernandez's vehicle proximately caused the accident (id.).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022