| |
|---|
| **Aldabaan v City of New York** |
| 2024 NY Slip Op 31404(U) |
| April 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158137/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**

*Justice*

----------------------------------------------------------------------X

NAJI ALDABAAN,

Plaintiff,

- v -

THE CITY OF NEW YORK, JOHN DOE

Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 158137/2021 |
| MOTION DATE | 08/14/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Plaintiff, Naji Aldabaan ("Plaintiff") moves for an order, pursuant to CPLR § 3212, granting summary judgment on liability against Defendants, The City of New York ("City") and John Doe ("Doe") (collectively, "Defendants"), and dismissing Defendants' affirmative defense of comparative negligence. The City opposes the motion. For the reasons stated herein, Plaintiff's motion is granted.

## BACKGROUND

On April 15, 2021, Plaintiff sustained personal injuries when he was riding as a passenger in a vehicle that was struck from the rear by a sanitation vehicle owned and operated by the City (NYSCEF Doc No. 19, Zekraus affirmation ¶¶ 3, 8). Plaintiff was in the back seat of the vehicle as it was traveling on the US-1 Upper Level exit ramp towards the Harlem River Drive (*id.* ¶ 8). Plaintiff commenced this action on August 31, 2021, and moved for leave to file a late Notice of Claim (NYSCEF Doc No. 1-8). The motion was granted by order and decision dated October 28, 2021 (NYSCEF Doc No. 11). Issue was joined when the City filed an answer on December 9, 2021 (*id.* ¶ 5). On August 4, 2021, Plaintiff presented for a hearing pursuant to General Municipal Law § 50-h (*id.* ¶ 6). Plaintiff now moves for summary judgment on the issue of liability, to dismiss the City's comparative negligence affirmative defense, and to set the matter down for trial as to damages only.

In support of his motion, Plaintiff contends that summary judgment is proper because the City violated Vehicle and Traffic Law § 1129(a) when it struck the vehicle Plaintiff was a passenger in from behind. In support of his motion, Plaintiff proffers his § 50-h testimony, the pleadings, and his affidavit to establish that Plaintiff was a passenger in a vehicle that was struck from the rear by a sanitation truck.

In opposition, the City argues that summary judgment is not proper because there are unresolved factual issues regarding comparative fault, the alleged damages suffered by Plaintiff, and causation that must be determined by a jury (NYSCEF Doc No. 26, Herzog affirmation ¶ 3). The City takes no position as to fault and is "mindful that a vehicle's driver shall maintain a safe distance between his vehicle and the vehicle in front of him," but contends that Plaintiff has not shown that he was not negligent or that the driver of the vehicle he was a passenger in was not negligent (*id.* ¶¶ 3, 6).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon proffer of evidence establishing a prima facie case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To be a "material issue of fact" it "must be genuine, bona fide and substantial to require a trial" (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]). However, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

An innocent passenger cannot be found at fault under any circumstance giving rise to an accident [and] bears no culpability but "must still establish a defendant driver's liability under traditional principles of tort liability in order to prevail on the issue of liability against that driver" (*Campbell v Mincello*, 184 AD3d 412, 412 [1st Dept 2020]; *Oluwatayo v Dulinayan*, 142 AD3d 113 [1st Dept 2016]). Thus, a plaintiff moving for summary judgment on the issue of liability must establish, *prima facie*, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (*Rodriguez v City of New York*, 31 NY3d 312 [2018]; *Fernandez v Ortiz*, 183 AD3d 443 [1st Dept 2020]). It is well settled that "a violation of Vehicle and Traffic Law § 1129(a), which obligates drivers to maintain safe distances between their cars and cars in front of them, and be aware of traffic conditions, including vehicle stoppages, is *prima facie* evidence of negligence" (Vehicle and Traffic Law § 1129[a]; *Maisonet v. Roman*, 139 AD3d 121, 123 [1st Dept 2016]; *Downey v Mazzioli*, 137 AD3d 498, 499 [1st Dept 2016] [Plaintiff made a *prima facie* showing of entitlement to judgment as a matter of law on the issue of liability, by submitting his affidavit averring that defendant's vehicle struck the vehicle plaintiff was riding in as a passenger in the rear]). To defeat a plaintiff's motion for summary judgment on liability for a rear end collision, "the driver of the rear vehicle [must] come

**158137/2021   ALDABAAN, NAJI vs. THE CITY OF NEW YORK ET AL**          **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

forward with an adequate, nonnegligent explanation for the accident" (*Urena v GVC Ltd.*, 160 AD3d 467, 467 [1st Dept 2018]).

Here, Plaintiff's evidence establishes *prima facie* that the City violated Vehicle and Traffic Law § 1129(a) when a sanitation vehicle owned by the City and operated by a City employee acting in the scope of his employment struck Plaintiff from the rear on April 15, 2021. Under the Vehicle and Traffic Law, the driver of the sanitation vehicle was required to maintain a safe distance from the vehicle in front. Plaintiff's evidence, consisting of the notice of claim, 50-h hearing transcript, and affidavit establish that Plaintiff was riding in the back seat of a vehicle traveling on the US-1 Upper Level exit ramp towards Harlem River Drive when the vehicle was struck from behind by a sanitation vehicle owned by the City and operated by a City employee acting in the scope of his employment. Accordingly, Plaintiff's evidence has established that the driver of the sanitation vehicle failed to adhere to the relevant Vehicle and Traffic Law requiring him to maintain a safe distance from the vehicle Plaintiff was riding in as a passenger. The City does not advance any facts to contradict this evidence, and further takes no position on the issue of fault. A defendant's violation of the Vehicle and Traffic Law constitutes negligence *per se* [*Davis v Turner*, 132 AD3d 603 [2015]). Significantly, the City has not come forward with a non-negligent explanation for the accident that would overcome Plaintiff's entitlement as a matter of law *(Urena v GVC Ltd.*, 160 AD3d 467, 467 [1st Dept 2018]). A plaintiff does not have to demonstrate the absence of his own comparative fault to obtain summary judgment on defendant's liability (*Rodriguez v City of New York*, 31 NY3d at 324-325, *supra*). Moreover, as an innocent passenger struck from the rear, Plaintiff's entitlement to summary judgment on the issue of liability is not limited by potential issues of comparative negligence between the drivers of the vehicles (*see Johnson v Phillips*, 261 AD2d 269, 272 [1st Dept 1999] ["it is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between defendant and the driver of the vehicle in front"]).

Nevertheless, questions of fact exist regarding the causation and damages, including comparative negligence between the two drivers, one of which has yet to be joined in this action. Additionally, even where a determination of fault is made, a plaintiff must prove that they sustained a "serious injury" within the meaning of New York's No-Fault Law to recover damages from defendants for the plaintiff's alleged personal injuries (*Kabir v County of Monroe*, 16 NY3d 217, 222 n. 2 [2011]; Insurance Law § 5104 [a]). While this does not bar summary judgment on the issue of liability, discovery of these issues must be completed prior to a trial on Plaintiff's damages.

Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment on the issue of liability is granted; and it is further

ORDERED that the City's affirmative defense of comparative negligence is dismissed; and it is further

**158137/2021   ALDABAAN, NAJI vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 3 of 4**

ORDERED that the clerk is directed to set this matter down for preliminary conference in the Differentiated Case Management Part on the next available date, to set a discovery schedule on the issue of causation, damages, and serious injury; and it is hereby

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with said Clerk a note of issue and statement of readiness and shall pay the fee therefor, and said Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

This constitutes the decision and order of the court.

20240422153202HKING085D...5B288F46048845FE68A142C782

_____
**4/22/2024**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER |
CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158137/2021   ALDABAAN, NAJI vs. THE CITY OF NEW YORK ET AL**          **Page 4 of 4**
**Motion No.  002**

4 of 4