Strong v Vassallo (2026 NY Slip Op 00396)

Strong v Vassallo

2026 NY Slip Op 00396

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2024-12340
 (Index No. 719429/19)

[*1]Lorene Strong, respondent, 
vLouis Vassallo, appellant.

John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Nataliya Kaplun, Esq., P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered September 19, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The defendant's vehicle was struck in the rear by a vehicle operated by nonparty Chartise Watson and owned by the plaintiff. At the time of the accident, the plaintiff was sitting in the front passenger seat of the vehicle operated by Watson. The plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained as a result of the accident. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order entered September 19, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Martinez v Allen, 163 AD3d 951, 951; Suris v Citiwide Auto Leasing, Inc., 145 AD3d 817, 817). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427, 427). "[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Tutrani v County of Suffolk, 64 AD3d 53, 59-60 [internal quotation marks omitted]; see Martinez v Allen, 163 AD3d at 951-952).
Here, the defendant met his prima facie burden as the movant. In support of his motion, the defendant submitted his affidavit, which demonstrated that the plaintiff's vehicle, operated by Watson, struck the defendant's vehicle in the rear while the defendant's vehicle was stopped for a dog that had suddenly darted out into the road in front of it (see Balanta v Guo Lin Wu, 220 AD3d 720, 722; Leandry v City of New York, 127 AD3d 520, 520-521; Danza v Longieliere, 256 AD2d 434, 435). In opposition, however, the plaintiff's and Watson's affirmations raised triable issues of fact as to whether the defendant's vehicle came to a stop for no apparent reason and whether the defendant's operation of his vehicle contributed to the happening of the accident (see Laureano v EAN Holdings, LLC, 225 AD3d 754, 757; Salako v Nassau Inter-County Express, 131 [*2]AD3d 687, 688). Contrary to the defendant's contention, the plaintiff's and Watson's affirmations, wherein they each denied seeing a dog enter the roadway and they each denied that Watson told the police that a dog entered into the road, raised questions of credibility, which are for the jury to determine (see Arnold v Shepitka, 231 AD3d 1105, 1106; Kerper v Betancourt, 225 AD3d 677, 679; Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 621).
In light of our determination, it is not necessary to address the plaintiff's remaining contention.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court