Pena v Small (2026 NY Slip Op 50330(U))

[*1]

Pena v Small

2026 NY Slip Op 50330(U)

Decided on March 16, 2026

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 16, 2026
Supreme Court, Bronx County

Haizer Pena, Plaintiff,

againstJeremiah Small and VLADIMIR AQUINO, Defendants.

Index No. 815867/2024E

Plaintiff 
MARCELO ALEJANDRO BUITRAGO Firm Name: BUITRAGO & ASSOCIATES, PLLC Address: 274 Madison Ave Rm 901, New York, NY 10016 New York, NY 10016 Phone: 646-858-0088 Service E-mail: [email protected] Other E-mails: [email protected] [email protected]
Defendant Jeremiah Small WIK, PATRICIA CAROL on 11/08/2024Wilson, Elser, Moskowitz, Edelman & Dicker, LLPDefendant Vladimir Aquino SCHEMBRI, NANCY R on 11/07/2024Law Office of Annemarie F. Dempsey

Veronica G. Hummel, J.

In accordance with CPLR 2219(a), the decision herein is made upon consideration of all papers filed by the parties in NYSCEF in support of and in opposition to plaintiff HAIZER PENA'S ("plaintiff) motion (Seq. No. 1) seeking an order, pursuant to CPLR 3212, granting plaintiff partial summary judgment on liability against defendants JEREMIAH SMALL and VLADIMIR AQUINO. Defendant Small cross-moves, pursuant to CPLR 3025, for leave to amend his answer to include the affirmative defense of the emergency doctrine.
This is a personal-injury action arising out of a two-vehicle accident that occurred on June 21, 2024, on the northbound lane of the Cross Island Parkway (the "Accident"). While traveling in traffic, Plaintiff's Vehicle was rear-ended by Defendants' Vehicle.
In support of the motion, Plaintiff submits an affidavit; an attorney affirmation; copies of the pleadings; a certified copy of the police accident report; and a key ledger.
In opposition to the motion, defendants submit attorney affirmations.
In support of the cross-motion to amend, defendant Small submits an attorney affirmation, a personal affirmation, and a proposed answer. In opposition to the cross-motion and in reply on the motion, plaintiff submits an attorney affirmation.
In plaintiff's affidavit, plaintiff avers that on June 21, 2024, at approximately 7:30 p.m., plaintiff was operating a 2023 Tesla bearing New York State registration number T135065C. While operating the vehicle, plaintiff was struck from behind by a 2015 Ford bearing New York State registration number LEN8321. The vehicle that struck plaintiff was operated by defendant Small and owned by defendant Aquino. Prior to the accident, plaintiff heard no horns, screeching tires or anything that would have given notice of the impending collision.
As for the police accident report, it provides the following narrative from the responding police officer:
AT T/P /O BOTH VEHICLES WERE INVOLVED IN A COLLISION WITH PROPERTY DAMAGE.BOTH DRIVERS DID EXCHANGE INFORMATION AND LEFT LOCATION. DRIVER OF VEHICLE 1 STATED THAT AS SOON AS HE STARTED DRIVING HIS BACK STARTED TO HURT AS WELL AS FEELING LIGHTHEADED.DRIVER OF VEHICLE 1 DID RETURN TO LOCATION AND THEN CALLED EMS. DRIVER . . .UNABLETO OBTAIN STATEMENTFOR DRIVER OF VEHICLE 2 BECAUSE HE LEFT LOCATIONA AFTER EXCHNAGING PROPER INFORMATION WITH DRIVER.. COMPLAINT OF PAIN BEGAN AFTER " BOTH DRIVERS LEFT LOCATION. OFFICER DID NOT WITEESS. NO TOWING REQUIRED"Defendant Small submits an affidavit. In his affidavit, defendant Small states that, at the time of the alleged occurrence, he was driving home and was exiting the parkway on an exit ramp. Defendant Small's mother was a front-seat passenger and his 6-year old daughter was in the backseat of Defendants' Vehicle. Defendants' Vehicle was exiting the parkway when defendant Small heard his daughter choking in the backseat. He pressed on the brakes and briefly turned around to check on his daughter. This lasted no more than two seconds.
As he turned back around to face forward, the front end of his vehicle collided with the rear of Plaintiff's Vehicle on the exit ramp of the Cross Island Parkway. He pressed on the brakes but was unable to bring Defendants' Vehicle to a complete stop before colliding with the rear of Plaintiff's Vehicle. The collision occurred due to an emergency medical situation that was out of his control. The medical emergency involving his daughter was sudden, unexpected and unavoidable. He acted reasonably in responding to the situation and took his eyes off the road for only as long as necessary to check on his daughter.
Analysis
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering evidence sufficient to eliminate any material issues of fact from the case." Winegrad v. NY Univ. Med. Ctr., 64 NY2d 851, 853 (1985). Upon such a showing, the burden then shifts to the nonmovant to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact." Mazurek v. Metro. Museum of Art, 27 AD3d 227, 228 (1st Dep't 2006). A plaintiff in a negligence action moving for summary judgment on the issue of liability must, therefore, establish, prima facie, that the [*2]defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. Fernandez v. Ortiz, 183 AD3d 443 (1st Dep't 2020). A plaintiff is not required to demonstrate his or her freedom from comparative fault in order to establish a prima facie entitlement to summary judgment on the issue of liability. Rodriguez v. City of NY, 31 NY3d 312, 324-25 (2018).
When deciding a summary judgment motion, a court's role is solely to determine if any triable issues exist, not to determine the merits of any such issues. Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395 (1957). In making this determination, the court must view the evidence in the light most favorable to the party opposing the motion, and must give that party the benefit of every inference that can be drawn from the evidence. Jenack Estate Appraisers & Auctioneers, Inc. v. Rabizadeh, 22 NY3d 470, 475 (2013); Vega v. Restani Constr. Corp., 18 NY3d 499 (2012). Every available inference must be drawn in the nonmoving party's favor. De Lourdes Torres v. Jones, 26 NY3d 742, 763 (2016). If there is any doubt as to the existence of a triable issue, summary judgment should be denied. Rotuba Extruders, Inc. v. Ceppos, 46 NY2d 223, 231 (1978).
A. Defendants' LiabilityIt is well settled that "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate, nonnegligent explanation for the accident." Urena v. GVC Ltd., 160 AD3d 467, 467 (1st Dep't 2018); Matos v. Sanchez, 147 AD3d 585, 586 (1st Dep't 2017); Santos v. Booth, 126 AD3d 506, 506 (1st Dep't 2015); Woodley v. Ramirez, 25 AD3d 451, 452 (1st Dep't 2006). Under New York Vehicle and Traffic Law ("VTL") § 1129(a), "a driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and traffic upon the condition of the highway." In other words, a driver must maintain a safe distance between his vehicle and the one in front of her. A violation of the VTL, including VTL § 1129(a), is prima facie evidence of negligence, and "[t]his rule has been applied when the front vehicle stops suddenly in slow-moving traffic." Rodriguez v. Budget Rent-A-Car Sys., Inc., 44 AD3d 216, 223-24 (1st Dep't 2007) (quoting Johnson v. Phillips, 261 AD2d 269, 271 (1st Dep't 1999); Mascitti v Greene, 250 AD2d 821, 822 (2d Dep't 1998). In a rear-end collision, there is a presumption of non-negligence of the driver of the lead vehicle. See Soto-Maroquin v. Mellet, 63 AD3d 449, 450 (1st Dept 2009).
First Department case law is also clear that a claim by the rear driver that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the rear driver. Ly Giap v. Hathi Son Pham, 159 AD3d 484, 485 (1st Dep't 2018); Bajrami v. Twinkle Cab Corp., 147 AD3d 649 (1st Dep't 2017); see also Earl v Hill, 2021 NY Slip Op. 06948 (1st Dep't 2021).
Here, based on the submitted testimony and documentation, plaintiff establishes prima facie entitlement to partial summary judgment against defendants based on liability as plaintiff demonstrates that Plaintiff's Vehicle was safely driving in the lane when it was negligently rear-ended by Defendants' Vehicle. As such, defendants violated VTL §1129(a). Darmento v. Pacific Molasses Co., 81 NY2d 985, 988 (1993).
In opposition, defendants fail to come forward with an adequate non-negligent explanation for the Accident. The affirmation by the attorney in opposition to the motion fails to generate an issue of fact as to the cause of the accident as the affirmation has no probative value. [*3]Thompson v. Pizzaro, 155 AD3d 423 (1st Dep't 2017). Furthermore, First Department case law is clear that a claim by the rear driver that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the rear driver. Ly Giap v. Hathi Son Pham, supra. A claim of a sudden stop in "stop-and-go traffic is not a sufficient non-negligent explanation for [the Accident]." Elihu v. Nicoleau, 173 AD3d 578, 578 (1st Dep't 2019).
Furthermore, any argument by defendants that plaintiff's motion for summary judgment is premature also lacks merit as the mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to warrant denying such a motion. Downey v. Mazzioli, 137 AD3d 498, 499 (1st Dep't 2016); Avant v. Cepin Livery Corp., 74 AD3d 533, 534 (1st Dep't 2010). 
In addition, defendant Small's attempt to invoke the emergency doctrine to absolve himself of liability lacks merit. "The emergency doctrine will prevent a finding of negligence against a driver confronted by a sudden and unexpected situation that leaves little time for thought, deliberation or consideration, provided, however, that the driver's actions were reasonably prudent under emergent circumstances, and s/he did not create or contribute to the emergency." Weston v. Castro, 138 AD3d 517, 518 (1st Dep't 2016). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues may in appropriate circumstances be determined as a matter of law." Smit v. Phillips, 74 AD3d 782, 783 (2d Dep't 2010) (internal quotation marks and citations omitted). Defendant Small points to the sounds made by his daughter in the backseat as presenting an emergency not of defendant's making, to which he reasonably reacted in order to avoid a more serious incident.
Based on solely on defendant's Small's submitted affidavit, however, the emergency doctrine is inapplicable. Small avers only that he heard a sound "like choking", not that in fact his daughter was choking. There is no medical or collaborating evidence that his daughter ever suffered a sudden and unforeseeable medical emergency. Nor does defendant Small address the fact that his mother was also in the vehicle and his mother does not submit an affidavit. Because there is no evidence that an unforeseeable medical emergency existed, there is insufficient proof to excuse a defendant's conduct or to find an issue of fact requiring trial. Liddell v. Morrison, 204 AD3d 987 (2d Dep't 2022); Serpas v. Bell, 117 AD3d 712 (2d Dep't 2013); Commer. Union. Ins. Co. v. Carting Inc., 288 AD2d 154 (1st Dep't 2001).
In any event, defendant's own testimony establishes that, even if there was a medical emergency, it was not the proximate cause of the accident as defendant was following Plaintiff's Vehicle too closely in violation of law. Defendant avers that, having looked away for "only two seconds", he was unable to stop before rear-ending Plaintiff's Vehicle. This brief time period proves that it was the failure to maintain the required safe distance from the vehicle in front of him that caused the accident, not the alleged emergency.
Finally, the defendant owner's argument that the motion is insufficient because of the lack of proof of ownership is without merit as defendant does not deny owning the vehicle. Murdza v. Zimmerman, 99 NY2d 375 (2003); Leotta v. Plessinger, 8 NY2d 449 (1960).
Accordingly, plaintiff's motion seeking partial summary judgment as to liability against defendants is granted. Furthermore, in light of the finding that, based on the circumstances, the affirmative defense of an emergency situation lacks merit, the cross-motion to amend the answer to allege said affirmative defense is denied. CPLR § 3025.
The court notes that plaintiffs did not seek (and the court has not considered) dismissal of [*4]defendants' affirmative defenses regarding plaintiff's culpable conduct. see CPLR § 2214[a]; Castillo v. Slupecki, 63 Misc 3d 325 (Sup. Ct. Bronx County 2019). Requiring a plaintiff to specifically request summary judgment dismissing a comparative-fault affirmative defense recognizes that a plaintiff's alleged comparative fault relates to damages, not a defendant's liability and is consistent with the principle that a court is generally prohibited from granting relief that a movant has not expressly requested. Castillo v. Slupecki, supra; Tirado v. Miller, 75 AD3d 153, 158 (2d Dep't 2010); see CPLR § 2214 [a].
The Court has considered the additional contentions of the parties not specifically addressed herein. To the extent that any relief requested by the movant was not addressed by the Court, it is hereby denied.
Accordingly, it is hereby
ORDERED that plaintiff HAIZER PENA'S motion (Seq. No. 1) seeking an order, pursuant to CPLR 3212, granting plaintiff partial summary judgment on liability against defendants JEREMIAH SMALL and VLADIMIR AQUINO is GRANTED; and it is further
ORDERED that the cross-motion of defendant Small, made pursuant to CPLR 3025, for leave to amend his answer to include the affirmative defense of the emergency doctrine is DENIED; and it is further
ORDERED that the Clerk shall mark the motion (Seq. No. 1) decided in all Court records.
This constitutes the decision and order of the Court.
Dated: March 16, 2026HON. VERONICA G. HUMMEL, A.J.S.C.