Valerio v Perez

2026 NY Slip Op 02230

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeanette Valerio, Plaintiff-Respondent,

v

Crescenciano Perez, et al., Defendants-Appellants.

Decided and Entered: April 14, 2026

Index No. 808881/24|Appeal No. 6357|Case No. 2025-04979|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Cipriani & Werner, P.C., Huntington (Sean R. Hutchinson of counsel), for appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered July 7, 2025, which granted plaintiff's motion for summary judgment as to liability and striking the affirmative defenses of comparative negligence and failure to wear a seatbelt, unanimously affirmed, without costs.

Plaintiff established prima facie entitlement to summary judgment by submitting her affidavit stating that defendants' vehicle struck her vehicle in the rear (see Downey v Mazzioli, 137 AD3d 498, 499 [1st Dept 2016]). Defendants failed to raise an issue of fact in opposition. The affidavit submitted by defendant Perez, the driver of defendants' vehicle, states that it was translated from Spanish but was not accompanied by an affidavit from a translator attesting to the translator's qualifications and the accuracy of the affidavit, rendering it inadmissible (CPLR 2101 [b]; see Richards v Walls, 238 AD3d 524, 524 [1st Dept 2025]). Even were we to consider the affidavit, Perez' assertion that plaintiff stopped short in front of his vehicle is insufficient by itself to raise an issue of fact as to plaintiff's negligence, since the affidavit failed to explain why Perez did not maintain a safe distance between his vehicle and plaintiff's, in what he described as stop-and-go traffic (see Alvarez v Bracchitta, 210 AD3d 458, 459 [1st Dept 2022]; Vehicle and Traffic Law § 1129 [a]).

Defendants did not argue in opposition to plaintiff's summary judgment motion that plaintiff was not wearing a seatbelt and so we decline to consider their arguments regarding that affirmative defense (see Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]). Further, the comparative negligence defense was properly dismissed as plaintiff's affidavit established her own lack of fault, and defendants failed to provide any proof to the contrary (see Vasquez v Strickland, 211 AD3d 414, 414-415 [1st Dept 2022]).

Finally, the motion for summary judgment was not premature, since defendants did not identify any information exclusively in plaintiff's possession that would have raised an issue of fact as to their negligence (see Mirza v Tribeca Auto. Inc., 189 AD3d 448, 448 [1st Dept 2020]; see also Ahmad v Behal, 221 AD3d 558, 559 [1st Dept 2023]). "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026