Gaffney v New York City Tr. Auth. (2022 NY Slip Op 06164)

Gaffney v New York City Tr. Auth.

2022 NY Slip Op 06164

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 155733/18 Appeal No. 16582 Case No. 2021-03319 

[*1]Annette Gaffney, Plaintiff-Appellant,
v
New York City Transit Authority et al., Defendants-Respondents, Hertz Vehicles LLC, Defendant.

Mallilo & Grossman, Flushing (Spencer R. Bell of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for New York City Transit Authority, Metropolitan Transportation Authority and Pedro Sanchez, respondents.
George F. Sacco, Mineola (Corey J. Pugliese of counsel), for Alex L. Bankston, respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about August 27, 2021, which granted defendants New York City Transit Authority, Metropolitan Transportation Authority, and Pedro Sanchez (collectively NYCTA defendants), and Alex Bankston's respective motions for summary judgment dismissing the complaint, unanimously affirmed, without costs. 
Plaintiff claims that she sustained injuries when she was a passenger on a NYCTA bus driven by defendant Sanchez that collided with a vehicle driven by defendant Bankston. The NYCTA defendants established prima facie entitlement to summary judgment through Sanchez's deposition, confirmed by authenticated video taken from the bus, which showed that the bus remained within one lane at all times. Plaintiff's testimony concerning how the accident occurred, in which she claimed that the bus struck a car and dragged it for 10 to 20 blocks, was "demonstrably false and incredible as a matter of law," and thus did not raise an issue of fact (Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019]). The credible evidence established that Bankston struck the rear of the bus while attempting to parallel park.
Defendant Bankston is entitled to summary judgment based on her prima facie showing that any negligence on her part could not have proximately caused plaintiff's injuries (see generally Howard v Poseidon Pools, 72 NY2d 972, 974 [1988]). Plaintiff did not submit any evidence in opposition sufficient to raise an issue of fact. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022