Miranda v Century Waste Servs., LLC (2022 NY Slip Op 06758)

Miranda v Century Waste Servs., LLC

2022 NY Slip Op 06758

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 159660/18 Appeal No. 16757 Case No. 2022-00378 

[*1]Daniel Miranda, Plaintiff-Respondent,
v
Century Waste Services, LLC, et al., Defendants-Appellants.

Kennedys Law LLP, New York (David M. Kupfer of counsel), for appellants.
Law Office of Gregg S. Maxwell, Hamburg (Gregg S. Maxwell of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J), entered May 17, 2021, which granted plaintiff's motion for summary judgment on the issue of liability, and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of negligence on the part of defendant driver by submitting his deposition testimony and video footage of the accident, which established that the driver violated Vehicle and Traffic Law §§ 1146(a) and 1111(a)(1) (see Ayala v Pascarelli, 168 AD3d 613, 614 [1st Dept 2019]). The video footage submitted as part of the record shows plaintiff entering the crosswalk before defendants' vehicle began to make its right turn. It also shows plaintiff four or five steps into the crosswalk before being struck by defendants' vehicle. Plaintiff' testified there was a green light and a walk sign when he moved into the intersection, and defendant driver contended, consistently, that he had a green light when making the right turn. Thus, defendant driver failed to exercise due care in accordance with Vehicle and Traffic Law § 1146(a) and failed to yield the right of way to plaintiff in accordance with Vehicle and Traffic Law § 1111(a)(1).
In opposition, defendants failed to raise a triable issue of fact. Defendant driver's affidavit is insufficient to defeat plaintiff's motion, as it is contradicted by the video footage (see Fernandez v Ortiz, 183 AD3d 443, 444 [1st Dept 2020]). While the driver avers that he did not see any pedestrians in or about to enter the crosswalk as he turned right, the video footage shows plaintiff entering the crosswalk before defendants' vehicle begins to make its turn.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022