Kanuteh v New York City Tr. Auth. (2024 NY Slip Op 05054)

Kanuteh v New York City Tr. Auth.

2024 NY Slip Op 05054

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 450458/19 Appeal No. 2821 Case No. 2023-04483 

[*1]Bakusa Kanuteh, Plaintiff-Appellant,
v
New York City Transit Authority and Jose Escobar, Defendants-Respondents.

Mischel & Horn, P.C., New York (Ross Salvatore Friscia of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Theresa Frame of counsel), for respondents.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered August 29, 2023, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants demonstrated prima facie entitlement to summary judgment by submitting defendant driver's testimony stating that the bus remained in the driving lane next to the bus lane and that the accident occurred when plaintiff's truck moved out of the bus lane where it had been parked and struck the side of defendants' bus (see Gaffney v NYCTA, 210 AD3d 426, 426 [1st Dept 2022]; Batista v Metropolitan Tr. Auth., 210 AD3d 487, 488 [1st Dept 2022], lv dismissed in part, denied in part 41 NY3d 1011 [2024]). This testimony was confirmed by authenticated video taken from the bus. Thus, defendants established prima facie the bus driver's lack of fault and established that it was plaintiff who caused the collision by crossing into the bus's lane of traffic (Vehicle and Traffic Law § 1128; see Ciraldo v County of Westchester, 147 AD3d 813, 813 [2d Dept 2017]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff gave contradictory testimony, stating that he did not know how the accident occurred because he lost consciousness but also stating he knew that the truck remained parked and fully within the bus lane. His testimony, however, is contradicted by the video evidence establishing that the bus never left its lane of travel and that the truck started to leave its parked spot (see Miranda v Century Waste Servs., LLC, 210 AD3d 590, 591 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024