Perez v City of New York (2024 NY Slip Op 05296)

Perez v City of New York

2024 NY Slip Op 05296

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 152638/23 Appeal No. 2887 Case No. 2023-06521 

[*1]Justin Perez, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Law Office of Michael LoGiudice, LLP, Brewster (Patrice M. Coleman of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Shane A. Magnetti of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered September 29, 2023, which denied plaintiff's motion for summary judgment on liability and to strike defendants' affirmative defense alleging comparative fault, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff sustained his prima facie burden of establishing his entitlement to summary judgment on liability by submitting evidence establishing that defendants' vehicle collided with the rear of his vehicle as he was attempting to make a right turn (see Kalair v Fajerman, 202 AD3d 625, 626 [1st Dept 2022]). In opposition, defendants failed to provide a nonnegligent explanation for the collision (see Baez-Pena v MM Truck and Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]). Defendants failed to demonstrate that defendant driver maintained a safe following distance (Vehicle and Traffic Law § 1129 [a]; see Chame v Kronen, 150 AD3d 622 [1st Dept 2017]), or that he could have "reasonably expected that traffic would continue unimpeded" under the circumstances (Baez-Pena, 151 AD3d at 477).
Plaintiff's sudden turn or failure to signal, in itself, is insufficient to rebut the presumption of negligence (see Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]). Contrary to defendants' contention, there is no evidence that plaintiff having previously double-parked before the collision or proceeding with his flashing hazard lights on had any bearing on defendant driver's failure to maintain a safe distance from plaintiff's vehicle, which he saw moving before the collision occurred (see Vespe v Kazi, 62 AD3d 408, 409 [1st Dept 2009]). Nor is there evidence that plaintiff's vehicle turned suddenly or abruptly changed lanes (see Hernadez v Advance Tr. Co., Inc., 101 AD3d 483, 484 [1st Dept 2012]). In addition, a wet roadway does not constitute a sufficient nonnegligent explanation for a collision (see LaMasa v Bachman, 56 AD3d 340, 340 [1st Dept 2008]).
Supreme Court should have dismissed defendants' affirmative defense of comparative negligence because defendants' failure to maintain a safe distance from plaintiff's vehicle was the sole proximate cause of the collision (see Chowdry v Matos, 118 AD3d 488 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024