**Caminero v New York City Tr. Auth.**

2024 NY Slip Op 33866(U)

October 29, 2024

Supreme Court, New York County

Docket Number: Index No. 154870/2022

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD TSAI

*Justice*

PART     21

-----------------------------------------------------------------------------X

ANGEL CAMINERO,

INDEX NO.     154870/2022

MOTION DATE     01/25/2024

Plaintiff,

MOTION SEQ. NO.     002

- v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY.
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY and ERIC A. ALLEYNE- BUS
DRIVER,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 7, 10, 37-46, 50-56, 72-76 76, 85, 87, 89, 90-92

were read on this motion to/for     SUMMARY JUDGMENT (AFTER JOINDER)     .

In this action, plaintiff Angel Caminero alleges that he was operating a stopped motor vehicle which was rear-ended by a bus owned by defendants New York City Transit Authority (NYCTA), and Metropolitan Transportation Authority (MTA), and operated by defendant Eric A. Alleyne, with the permission and consent of defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA).

Plaintiff now moves for partial summary judgment as to liability in his favor against defendants, and to strike the affirmative defense of plaintiff's culpable conduct. Defendants NYCTA, MTA and Eric A. Alleyne oppose this motion. Defendant MABSTOA did not oppose this motion.

## BACKGROUND

Plaintiff Angel Caminero alleges that, on February 28, 2022, he was operating his 2013 Toyota motor vehicle, which was stopped at a red light on the corner of 12th Avenue and West 48th Street in Manhattan (verified amended complaint  [NYSCEF Doc. No. 7], ¶¶ 18-19).  Plaintiff further alleges that while he was stopped, a bus owned by defendant NYCTA, operated by defendant Alleyne with the permission and consent of defendants NYCTA and MABSTOA, struck his vehicle in the rear (*id.* at ¶¶ 14-16, 20).

Defendant NYCTA admits it owned the subject bus, and that the bus was operated by defendant Alleyne, within the scope of his employment by defendant MABSTOA, and

**154870/2022   CAMINERO, ANGEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
Motion No.  002

**Page 1 of 6**

with the permission of defendant NYCTA (verified amended answer [NYSCEF Doc. No. 10] ¶ 3).

At plaintiff's statutory hearing he stated the following: at the scene of the incident, the West Side Highway, there were three lanes of traffic, his vehicle was in the right lane, and the bus was behind him in the right lane (plaintiff's Exhibit C [NYSCEF Doc. No. 42] statutory hearing transcript, at 23, lines 2-16); there were no other vehicles involved in the incident (*id.,* at 23, lines 17-19); as he was driving on the West Side Highway "the light was green at the time and then it turned red. I proceeded to slow down and then I came to a full stop at the light. And as I'm standing there, I'm looking at the rearview mirror and I see the bus approaching the car and no sign of stopping and I got hit" (*id.* at 23, lines 20-25 through 24, lines 2-7); the front bumper of the bus came into contact with the rear tow hitch/bike rack of his vehicle (*id.* at 24 lines 14-19); the only "thing I heard was at the last minute, the brakes, the air brakes of the bus activate" (*id.,* at 24, line 25 through 25, lines 2-6).

At his deposition, plaintiff testified as follows: he was travelling northbound on the West Side Highway (plaintiff's exhibit D [NYSCEF Doc. No. 42] Caminero EBT transcript, at 21, lines 11-18). There were three lanes on the West Side Highway, and his vehicle and the bus were both in the right lane when the accident occurred (*id.* at 23, lines 2-14). The bus was behind his vehicle and there were no other vehicles involved in the accident (*id.* at 23, lines 15-19). He stopped his vehicle at a red traffic light, and "[a]s I'm standing there, I'm looking at the rearview mirror and I see the bus approaching the car and no sign of stopping, and I got hit" (*id.* at page 23 lines 22-25 through page 24 lines 1-7). He had been stopped at red light for "about eight seconds" before the "front bumper" of the bus made contact with his "rear tow hitch/bike rack' (*id.* page 24 lines 8-19). There was no vehicle in front of him at the red light – "I was the first one in line" and the bus was directly behind him (*id.* at 25, lines 7-12). He did not know how fast the bus was going but that "[w]hat I could tell you is, I saw him coming and he was approaching into the car kind of fast and he didn't stop, but I don't know how fast he was going, no idea" (*id.* at 25, line 19 through 26, lines 14). An MTA supervisor arrived at the scene of the accident, and he spoke to her (*id.* at 42, lines 3-9).

At defendant Alleyne's deposition, he testified as follows: his bus came into contact with another vehicle on the right lane of traffic on 12th Avenue (plaintiff's exhibit E [NYSCEF Doc. No. 43] Alleyne EBT transcript, at 18, lines 11-15); he was in right lane of traffic for at least ten seconds prior to the impact (*id.,* at 19, lines 8-11); the other vehicle involved in the collision had been "traveling in front of the bus" and that he had seen it before the accident (*id.,* at 23, lines 18-25); that the other vehicle involved in the accident "stopped suddenly" (*id.,* at 24, lines 19-21); that "[i]t stopped suddenly to make a turn" but he did not remember the vehicle he collided with, or another vehicle, was trying to make a turn (*id.* at 25, lines 3-25); that the other vehicle "came to a stop, abruptly" and "I tried to stop also" (*id.,* at 27, lines 5-12); that the other vehicle had come to a stop before the impact (*id.,* at 27, lines 13-16); that prior to the accident he had applied the brakes in a "heavy" way to avoid impact with the vehicle in front (*id.,* at 30, lines 7-25); that he "applied the brake abruptly, and it [the bus] stopped" (*id.,* at 35, lines

**154870/2022   CAMINERO, ANGEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**              **Page 2 of 6**
**Motion No.  002**

2 of 6

17-22); that front bumper of the bus, right in the middle of the bumper, made contact with something like a tow hitch of vehicle in front (*id.* at 37, lines 17-25).

Defendant Alleyne prepared an accident report at the time of the alleged accident (plaintiff's exhibit F [NYSCEF Doc. No. 44] bus accident report). At statutory hearing defendant Alleyne confirmed the report was written and signed by him (Alleyne EBT transcript at 41, lines 2-19). Defendant Alleyne provided this description of the accident in the accident report: "Bus travelling north, second vehicle in front of bus made sudden right turn, I was bit distracted, I applied brake but still made contact to rear of van directly in front of bus. Contact was very minimal, no presence of damage was visible" (bus accident report). At defendant's Alleyne's EBT, he stated that the "second vehicle" referred to another vehicle (not the vehicle involved in the accident) (defendant's EBT at 42, lines 25 through at 43, lines 2-7).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action"(*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

In support of its motion, plaintiff argues his vehicle was stopped at the time defendant rear-ended plaintiff's vehicle, relying on the testimony of plaintiff and defendant Alleyne, and video footage from the bus.[1]

"A rear-end collision with a stopped vehicle, or one slowing down, establishes a prima facie case of negligence by the operator of the rear-ending vehicle, unless he or she gives an adequate nonnegligent explanation for the accident" (*Alvarez v Bracchitta*, 210 AD3d 458, 459 [1st Dept 2022]).

Here the time-stamped video footage from the bus not only contains footage from nine different bus cameras, but also provides data regarding the speed, direction, and

---

[1] In its reply, plaintiff affirmed it would submit a thumb drive to the court with video footage from the bus during the alleged incident (plaintiff's reply affirmation [NYSCEF Doc. No. 89] ¶ 14). This thumb drive was received by the court on June 14, 2024. As plaintiff submitted this video footage for the first time in reply, defendants were provided with an opportunity to submit a sur-reply (*see* interim order on motion (NYSCEF Doc. No. 96). Defendants submitted sur-reply (NYSCEF Doc. No. 97).

**154870/2022   CAMINERO, ANGEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 3 of 6**
**Motion No.  002**

3 of 6

[* 3]

geographic location of the bus.  The footage begins at 15:02:07hrs and ends at 15:32:00hrs on February 28, 2022.  This video footage establishes the following:

15:09:07     The bus is travelling in the right lane on 12th Avenue between West 44th and West 45th streets, at a speed of 23 mph.

15:09:12     From the forward camera view of the bus (Forward Facing camera), plaintiff's vehicle begins a maneuver from left lane into the right lane. Meanwhile the bus is travelling at 19 mph.

15:09:15     From the forward camera view of the bus, plaintiff's vehicle concludes maneuver from left lane into the right lane, and is now travelling in the same lane and in front of the bus  Meanwhile, the bus is travelling at 23 mph.

15:09:20     The bus is travelling in the right lane on 12th Avenue between West 46th and West 47th Streets, at a speed of 23 mph.  Plaintiff's vehicle is visible ahead and in the same lane as the bus.

15:09:24     From the forward camera view of the bus, the distance between bus and plaintiff's vehicle begins to get shorter.  The bus is still travelling at 23 mph.

15:09:27     From the forward camera view of the bus, the distance between bus and plaintiff's vehicle shortens again.  Bus is travelling at 21 mph.

15:09:32     From the forward camera view of the bus, the distance between bus and plaintiff's vehicle shortens again.  Bus travelling at 16 mph.

15:09:34     The bus is travelling north-northeast in the right lane on 12th Avenue between West 47th and West 48th Streets, at a speed of 16 mph.  In the same lane, plaintiff's vehicle is ahead, is travelling north-northeast with its break lights on.

15:09:36     From the forward camera view, a white van in front of plaintiff's moving vehicle begins to turn right on to West 48th Street. Bus is travelling at 12 mph.

15:09:37     From the forward camera view, a white van in front of plaintiff's moving vehicle continues its turn right.  Plaintiff's brake lights are visible.  Bus is travelling at 6 mph.

15:09:38     From the camera view of the driver (IPCamera 08), bus is very close to plaintiff's vehicle but not in contact.  Plaintiff's brake lights are not visible, bus is travelling a 0 mph.

**154870/2022   CAMINERO, ANGEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 4 of 6**
**Motion No.  002**

4 of 6

15:09:39     From the forward camera, the white van continues its turn right and plaintiff's brake lights are visible, and plaintiff's car appears to have stopped because lane ahead is not clear. Bus is travelling at 5 mph.

15:09:39     From the camera view of the driver, bus rear-ends plaintiff's vehicle.

Based on the video footage, plaintiff has established its prima facie entitlement to summary judgment as a matter of law. Defendants failed to rebut the presumption of defendant Alleyne's negligence and did not raise a triable issue of fact as to the defense based on the emergency doctrine.

Alleyne's testimony that plaintiff's vehicle stopped suddenly "is contradicted by the video footage (*Miranda v Century Waste Services*, LLC, 210 AD3d 590, 591 [1st Dept 2022]). Therefore, such testimony fails to raise a triable issue of fact as to his negligence (*id.*; *see also Kanuteh v New York City Tr. Auth.*, —AD3d—, 2024 NY Slip Op 05054 [1st Dept 2024] [affirming summary judgment in favor of defendants where plaintiff's testimony was "contradicted by the video evidence establishing that the bus never left its lane of travel and that the truck started to leave its parked spot"]). Defendants failed to demonstrate that Alleyne "could have 'reasonably expected that traffic would continue unimpeded' under the circumstances" (*Perez v City of New York*, —AD3d—, 2024 NY Slip Op 05296 [1st Dept 2024], quoting *Baez-Pena v MM Truck and Body Repair, Inc.*, 151 AD3d 473 [1st Dept 2017]).

Likewise, defendants' argument that the video footage supports an emergency doctrine defense and that the plaintiff's vehicle "was driving in a reckless, erratic manner prior to the subject incident occurring – including swerving in-and-out of lanes in a short period of time before stopping short" (sur-reply in opposition ¶¶ 5, 11 [NYSCEF Doc. No. 97]) – is unavailing. The video footage shows the following: (1) defendants' vehicle was travelling in the same lane as, and behind, the plaintiff's vehicle for 24 seconds prior to the accident; (2) in the 13 second period before the accident, the bus had slowed from 23 mph to 6 mph, i.e., the bus was slowing down; (3) immediately prior to the accident, both the plaintiff's vehicle and defendants' bus appear to have stopped; and (4) plaintiff's vehicle was stopped when rear-ended by defendants' bus, i.e., defendants' bus having stopped then began to move and came into contact with plaintiff's stopped vehicle (*see Martinez v ITF LLC*, 216 AD3d 429, 430 [1st Dept 2023] [holding that "the dash cam video" established that "the emergency doctrine is inapplicable"]).

As the incident occurred within the scope of Alleyne's employment as a bus operator employed by MABSTOA, MABSTOA is vicariously liable for Alleyne's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth.*, 17 AD3d 561, 562 [2d Dept 2005]). The NYCTA, as the admitted owner of the vehicle who admittedly gave Alleyne permission to use the vehicle, is vicariously liable for Alleyne's negligence under Vehicle and Traffic Law § 388 (*see Murdza v Zimmerman*, 99 NY2d 375, 379 [2003]).

**154870/2022 CAMINERO, ANGEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**     **Page 5 of 6**
**Motion No. 002**

5 of 6

[* 6]

Finally, defendants NYCTA, MTA and Eric A. Alleyne have a pending motion for summary judgment (motion seq 003) in which they are seeking an order dismissing plaintiff's complaint for failure to satisfy the serious injury threshold under New York Insurance Law § 5102(d) (NYSCEF Doc. No. 57). To be clear, the determination of fault of defendants as a matter of law on this motion (motion seq 002) does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

### CONCLUSION

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion for partial summary judgment as to liability is **GRANTED TO THE EXTENT** that partial summary judgment is granted on the issue of liability only in plaintiff's favor as against defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority and Eric A. Alleyne; and it is further

**ORDERED** that the first affirmative defense of plaintiff's culpable conduct in the answer of defendants is stricken.

20241029184331RTSAI454E3F33F1534E109AC0FF595028D155

__10/29/2024__
DATE

RICHARD TSAI, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154870/2022   CAMINERO, ANGEL vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
Motion No.  002

Page 6 of 6

6 of 6