Bonilla v Vaszer Realty, LLC (2024 NY Slip Op 05479)

Bonilla v Vaszer Realty, LLC

2024 NY Slip Op 05479

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 28127/20 Appeal No. 2968 Case No. 2023-05507 

[*1]Dilania Bonilla, Plaintiff-Appellant,
v
Vaszer Realty, LLC, Defendant-Respondent.

Heitz Legal, P.C. New York (Dana E. Heitz of counsel), for appellant.
Jeffrey Samel & Partners, New York (Daniel G. Heyman of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 12, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that defendant building owner negligently maintained an interior vestibule door in a dangerous condition. Plaintiff testified at her deposition that the door slammed closed onto her back as she was walking through the doorway carrying bags of garbage and a chair, causing her to lose her balance and fall down a flight of six steps outside the door.
Defendant made a prima facie showing of entitlement to summary judgment by submitting authenticated video surveillance footage of the accident which shows that the door never touched plaintiff before she fell, thereby refuting her deposition testimony and establishing that the door did not cause her fall (see James v Kensington Assoc., LLC, 192 AD3d 587, 588 [1st Dept 2021]; Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432, 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]). The video evidence established that plaintiff's deposition testimony was incredible as a matter of law, and that any negligence on defendant's part in maintaining the door before the accident did not proximately cause plaintiff's injuries (Gaffney v New York City Tr. Auth., 210 AD3d 426, 426-427 [1st Dept 2022] [internal quotation marks omitted], lv dismissed and denied 41 NY3d 1011 [2024]).
In opposition, plaintiff failed to raise an issue of fact (see Batista v Metropolitan Transp. Auth., 210 AD3d 487, 487-488 [1st Dept 2022]). Plaintiff now acknowledges that the door did not hit her before she fell, but her counsel suggested that it may have struck the chair she was carrying. Such speculative and bare allegations by counsel, who lacked personal knowledge of the underlying facts, do not constitute competent evidentiary proof sufficient to defeat defendant's summary judgment motion (see Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 648 [1996]; James v Kensington Assoc., LLC, 192 AD3d at 588).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024